LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
825 Veterans Highway-Ste. B
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FRANKLIN PADILLA, on behalf of himself and
all other persons similarly situated,

                Plaintiff,                              **COMPLAINT**

   -against-

MODERN FACILITIES SERVICES, INC.,              *Collective and Class Action*

                Defendant.
-----------------------------------------------------------------------X

       Plaintiff, FRANKLIN PADILLA ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, MODERN FACILITIES SERVICES, INC. ("Defendant"), alleges:

## NATURE OF THE ACTION

       1.     Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendant who were employed as hourly-paid janitorial workers in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover damages for violations of New York Labor Law §§ 191, 195 and to recover damages for violations of New York Labor Law Article 19, §650 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law"). Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

1

2. Plaintiff also brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

4. In addition, the Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

6. Plaintiff is a resident of the State of New York.

7. At all times relevant, Plaintiff was an "employee" within the meaning of Labor Law §190(2) and a "manual worker" within the meaning of Labor Law §190(4).

8. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e).

9. Defendant is a corporation organized and existing under the laws of State of New Jersey with corporate headquarters located in Hackettstown, New Jersey.

10. At all times relevant, Defendant was an "employer" within the meaning of Labor Law §190(3).

11. At all times relevant, Defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

12. At all relevant times, Defendant was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in building maintenance and used tools, equipment, mops, solvents, waxes, cleaning supplies and other materials, many of which originated in other states.

## FACTUAL ALLEGATIONS

13. Defendant provides janitorial services to clients throughout the State of New York.

14. Plaintiff was employed by Defendant as an hourly-paid worker from in or about 2017 until on or about September 30, 2020. Plaintiff performed janitorial duties for Defendant's clients located in counties throughout the New York Metropolitan area, including, but not limited to, Suffolk County, Nassau County, Queens County, Kings County, and Richmond County.

15. Defendant failed to pay Plaintiff and similarly situated janitorial workers employed in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Instead, Defendant paid Plaintiff and similarly situated janitorial workers on a bi-weekly basis pursuant to its payroll policy in violation of New York Labor Law § 191.

16. During his employment with Defendant, Plaintiff regularly worked more than 40 hours per week. For example, each workweek Plaintiff worked Monday to Friday from 7:00 p.m. to 2:00 a.m. or later and Saturday from 8:00 a.m. to 6:00 p.m. or later.

17. Defendant failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week. Instead, Defendant paid Plaintiff for up to 40 hours by check at his regular rate of $15.50 per hour and in cash at $13.00 per hour for those hours worked after 40 hours per week.

18. Upon information and belief, Defendant failed to pay other similarly situated janitorial workers overtime at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

19. Defendant failed to provide Plaintiff upon hire written notice of his rate of pay and other information required by Section 195(1) of the New York State Labor Law.

20. Upon information and belief, Defendant failed to provide similarly situated janitorial workers upon hire written notice of their rate of pay and other information required by Section 195(1) of the New York State Labor Law.

21. Defendant failed to provide Plaintiff with an accurate statement each pay period indicating the number of overtime hours worked, overtime rate of pay and other information required by Section 195(3) of the New York State Labor Law.

22. Upon information and belief, Defendant failed to provide similarly situated janitorial workers with an accurate statement each pay period indicating the number of overtime hours worked, overtime rate of pay and other information required by Section 195(3) of the New York State Labor Law.

**RULE 23 CLASS ACTION ALLEGATIONS**
**NEW YORK STATE LABOR LAW**

23. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as hourly paid workers who performed janitorial duties in the State of

New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

24. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

25. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as hourly-paid janitorial workers at any time during the six (6) years prior to the filing of this Complaint.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of Labor Law section 191; whether Defendant failed to pay Plaintiff and Class Members overtime at the rate of one and one-half times the regular hourly rate of pay for hours worked after 40 hours per workweek; whether Defendant failed to provide Plaintiff and Class Members with a wage notice upon hire; whether Defendant failed to provide Plaintiff and Class Members with accurate wage statements each pay period; and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

27. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Defendant failed to pay Plaintiff overtime at the rate of one and one-half times the regular hourly rate for hours worked after 40 hours per workweek. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

28. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

29. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

30. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public

resources; however, treating the claims as a class action would result in a significant savings of these costs.

31. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

32. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## COLLECTIVE ACTION ALLEGATIONS

33. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

34. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendant's current and former employees' interests as well as his own interest in bringing this action.

35. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and similarly situated employees who are currently, or have been employed by Defendant and performed janitorial duties at any time during the three (3) years prior to the filing of their respective consent forms.

36. The Second Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).

## FIRST CLAIM FOR RELIEF
## FREQUENCY OF PAYMENT VIOLATION

37. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

38. Plaintiff and Class Members are manual workers as defined by the New York Labor Law.

39. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

40. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of Labor Law §191.

41. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
## OVERTIME FAIR LABOR STANDARDS ACT

42. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

43. Defendant employed Plaintiff and similarly situated employees for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff and similarly situated

employees overtime compensation for time worked in excess of forty (40) hours per week in violation of the FLSA.

44. Defendant's violations of the FLSA as described in this Complaint have been willful. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

45. As a result of Defendant's unlawful acts, Plaintiff and each Opt-In Plaintiff is entitled to recovery from Defendant unpaid overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### THIRD CLAIM FOR RELIEF
### OVERTIME NEW YORK LABOR LAW

46. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendant employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to pay them overtime compensation for time worked in excess of forty (40) hours per week in violation of the New York Labor Law.

48. Plaintiff and Class Members are entitled to recover from Defendant the amount of unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
### WAGE NOTICE VIOLATION

49. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendant failed to provide Plaintiff and Class Members with notice of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by New York Labor Law Section 195(1).

51. Due to Defendant's failure to provide Plaintiff and Class Members with the notice required by New York Labor Law §195(1), Defendant is liable to Plaintiff and Class Members for statutory damages pursuant to New York Labor Law Section 198.

### FIFTH CLAIM FOR RELIEF
### WAGE STATEMENT VIOLATION

52. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendant failed to provide Plaintiff and Class Members with an accurate statement of their wages each pay period as required by Labor Law Section 195(3) of the Labor Law.

54. Due to Defendant's failure to provide Plaintiff and Class Members with the notice required by New York Labor Law §195(3), Defendant is liable to Plaintiff and Class Members for statutory damages pursuant to New York Labor Law Section 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of a Class Action pursuant to F.R.C.P. 23;

(ii.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(iv.) Damages pursuant to NYLL §198;

(v.) Certification of a collective action pursuant to 29 U.S.C. 216(b);

(vi.) An order authorizing the dissemination of notice of the pendency of this action;

(vii.) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq.;

 (viii.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

 (ix.) Pre-judgment and post-judgment interest as permitted by law; and

 (x.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
October 20, 2020

           LAW OFFICE OF PETER A. ROMERO PLLC

    By: ***/s Peter A. Romero***
       Peter A. Romero, Esq.
       825 Veterans Highway-Ste. B
       Hauppauge, New York 11788
       Tel. (631) 257-5588
       promero@romerolawny.com

       *Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Modern Facilities Services Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This has been read to me in my native language Spanish.

*Franklin Padilla*                               12-10-2020
Franklin Padilla                                 Date